**Alfredo Reyes CRUZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75634.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Alfredo Reyes Cruz, Susan Casillo Cruz, Sheryl Casillo Cruz, and Sherby Casillo Cruz, natives and citizens of the Philippines, petition for review of the order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings to apply for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and deny in part and dismiss in part the petition for review.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

 The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because petitioners filed the motion more than one year after the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2) (generally requiring that a motion to reopen be filed within 90 days of final decision). Contrary to petitioners' contention, their allegations of ineffective assistance did not equitably toll the deadline because petitioners did not establish that deception, fraud, or error prevented them from timely filing the motion. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003). Likewise, petitioners' request for CAT relief did not exempt them from the motions deadline because their final order of removal was entered after March 22, 1999. *See* 8 C.F.R. § 1208.18(b) (general motions deadline does not apply to motion to reopen for CAT relief where final order of removal entered *prior* to March 22, 1999).

 We lack jurisdiction to review petitioners' contention that the BIA should have exercised its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1156 (9th Cir.2002).

Petitioners' remaining contentions lack merit.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.